**BEFORE THE**
**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| BIO-LAB, INC., ET AL.<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant*. | Court No. 24-00118 |

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiffs, Bio-Lab, Inc., Innovative Water Care, LLC, and Occidental Chemical Corporation ("Plaintiffs"), by and through their attorneys, allege herein as follows.

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiffs contest certain aspects of the U.S. Department of Commerce's ("Commerce") final results of administrative review of the countervailing duty order covering Chlorinated Isocyanurates ("Chlor Isos") from the People's Republic of China, published in the *Federal Register* on June 11, 2024. *See Chlorinated Isocyanurates from the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2021*, 89 Fed. Reg. 49149 (June 11, 2024) ("*Final Results*") and accompanying Issues and Decision Memorandum ("IDM"); *see also Chlorinated Isocyanurates From the People's Republic of China: Preliminary Results of the Countervailing Duty Administrative Review and Rescission of Review, in Part; 2021*, 88 Fed. Reg. 85214 (Dec. 7, 2023) ("*Preliminary Results*") and accompanying Decision Memorandum ("PDM").

## JURISDICTION

2.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1581(c) because this action contests the final results of an administrative review pursuant to 19 U.S.C. § 1675 and is therefore reviewable pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii).

## TIMELINESS OF ACTION

3.  Commerce's *Final Results* were published in the *Federal Register* on June 11, 2024. Pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and § 1516a(a)(2)(B)(iii), Plaintiffs commenced this action by timely filing a Summons with this Court on July 11, 2024, which is within thirty days after the date the *Final Results* were published in the *Federal Register.* Plaintiffs now are timely filing the Complaint within thirty days after filing of the Summons. Accordingly, this action is timely in accordance with 28 U.S.C. § 2636(c) and within the time limits specified in 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and United States Court of International Trade Rule 3(a)(2).

## STANDING

4.  The individual plaintiffs, Bio-Lab, Inc., Innovative Water Care, LLC, and Occidental Chemical Corporation are domestic manufacturers and wholesalers of Chlor Isos, the domestic like product in the United States. Plaintiffs were petitioners in the underlying countervailing duty investigation and requested the administrative review that is subject to this appeal and actively participated in that proceeding by, for example, submitting case and rebuttal briefs. Accordingly, the individual plaintiffs are interested parties within the meaning of 19 U.S.C. § 1677(9)(C) and have standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## PROCEDURAL HISTORY

5.   Commerce published a countervailing duty order covering Chlor Isos from China in the *Federal Register* on November 13, 2014. *Chlorinated Isocyanurates From the People's Republic of China: Countervailing Duty Order*, 79 Fed. Reg. 67424 (Nov. 13, 2014) ("*Isos Order*").

6.   In response to requests for an administrative review of the *Isos Order* by the Petitioners, Bio-Lab, Inc., Innovative Water Care, LLC, and Occidental Chemical Corporation, Commerce initiated an administrative review on January 3, 2023. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 50 (Jan. 3, 2023).

7.   On February 24, 2023, Commerce selected Heze Huayi Chemical Co. Ltd. ("Heze Huayi") and Juancheng Kangtai Chemical Co., Ltd ("Kangtai") as the mandatory respondents. *See* Memorandum from Commerce, "Respondent Selection" (Feb. 24, 2023).

8.   On March 1, 2023, Commerce issued its initial questionnaire to the Government of China ("GOC") and the mandatory respondents. *See* Letter from Commerce, "Countervailing Duty Questionnaire" (Mar. 1, 2023). Consistent with longstanding practice, Commerce identified programs previously countervailed in a prior segment of the proceeding and instructed the GOC and the mandatory respondents to report "any other forms of assistance" provided by the GOC and, if so, to describe such assistance and answer all questions in the appropriate appendices. *See id.* at Section V ("Other Programs"). Although the Heze Huayi and Kangtai responded to Commerce's questionnaire, the GOC did not. PDM at 2.

9.   On May 11, 2023, Petitioners timely filed a new subsidy allegation ("NSA") alleging that information contained in Kangtai's initial questionnaire response, as well as additional information discovered by Petitioners, indicated that both Heze Huayi and Kangtai benefited from subsidies in the form of a land grant or land use for less than adequate remuneration ("LTAR"). *See* Letter from Petitioners, "Petitioners' Submission of a New Subsidy Allegation"

(May 11, 2023); *see also* Letter from Kangtai, "Kangtai Section III Questionnaire Response" (Apr. 21, 2023).

10. On November 2, 2023, Commerce initiated an NSA investigation and issued questionnaires to the Respondents and the GOC. *See* Letter from Commerce, "New Subsidy Allegations" (Nov. 2, 2023); Letter from Commerce, "New Subsidy Allegations Questionnaire" (Nov. 2, 2023). In the questionnaires, Commerce specifically requested, *inter alia*, a "translated copy of the land-use contract" for both Heze Huayi and Kangtai. *See id.*

11. On November 14, 2023, Respondents submitted their NSA questionnaire responses. *See* Letter from Kangai, "Kangtai NSA Questionnaire Response" (Nov. 14, 2023) ("*Kangtai NSA Response*"); Letter from Heze Huayi, "Heze Huayi NSA Questionnaire Response" (Nov. 14, 2023) ("*Heze Huayi NSA Response*"). The GOC, again, did not respond to Commerce's request for information concerning the NSA or the programs identified therein. *See* PDM at 15. In their NSA questionnaire responses, neither Heze Huayi nor Kangtai provided the land-use contracts and the land-use agreements issued by the local land-use bureaus, as requested. Instead, both Respondents asserted that they "cannot currently locate the land-use right purchase contracts" and otherwise did not provide the requested information. *See Kangtai NSA Response* at 2; *Heze Huayi Response* at 2.

12. On December 7, 2023, Commerce issued its *Preliminary Results* and found that because the GOC failed to respond to Commerce's initial and NSA questionnaires it was appropriate to apply facts available, with an adverse inference ("AFA"), in determining whether the GOC's provision of land-use rights constituted a countervailable subsidy. *See* PDM at 16. In selecting the appropriate benchmark for calculating the net benefit provided to Heze Huayi and Kangtai, however, Commerce did not apply AFA even though the Respondents had failed to provide

critical information concerning the land use rights obtained from the GOC, including the original land-use contracts. *See id.* at 22-23. Instead, Commerce calculated a CVD rate for both Respondents based on the information they provided.

13. On January 16, 2024, Petitioners filed their case brief. *See* "Case Brief of Bio-Lab, Inc., Innovative Water Care, LLC, and Occidental Chemical Corporation" (Jan. 16, 2024) ("Case Brief"). In their case brief, Plaintiffs explained neither Respondent mentioned the provision of land by the GOC in their initial questionnaire responses, failed to provide critical documentation concerning the provision of land (*i.e.*, the original land-use contracts and land-use agreements issued by the local land-use bureaus), or any other documentation to establish the accuracy of the "price paid" for the land-use rights. *Id.* at 2-11.

14. On April 3, 2024, Commerce issued post-preliminary supplemental questionnaires to the Respondents and, again, stressed that the "land-use rights purchase contracts we requested in Commerce's NSA questionnaire are necessary for our determination" and therefore requested that Heze Huayi and Kangtai provide the original land-use right purchase contracts, explain how their accounting systems record and maintains information related to each land-use rights purchase, and to tie each of the land-use rights purchases to their 2021 financial statements. *See* Letter from Commerce, "Heze Huayi's Supplemental Questionnaire" (Apr. 3, 2024) at 5; Letter from Commerce, "NSA Supplemental Questionnaire" (Apr. 4, 2024) at 5.

15. Commerce received responses to both supplemental questionnaires on April 17 and April 18, 2024. *See* Letter from Heze Huayi, "Heze Huayi 3rd Supplemental Questionnaire Response" (Apr. 17, 2024); Letter from Kangtai, "Kangtai Supplemental Questionnaire Response" (Apr. 18, 2024). In their responses, neither Heze Huayi nor Kangtai provided the original land-use

contracts as requested and provided other information (*i.e.*, payment slips) which contained significant irregularities undermining their probative value. *See id.*

16. On April 24, 2024, Commerce established a post-preliminary briefing schedule limited to the Respondents post-preliminary questionnaire responses. *See* Memorandum from Commerce, "New Factual Information and Case Brief Deadline" (Apr. 24, 2024). Subsequently, Petitioners filed an additional case brief on May 3, 2024, explaining that the Respondents had again failed to provide necessary information for Commerce's analysis of the land-use for LTAR program, including the land-use rights contracts and other documentation that corroborated the payments made by the Respondents. *See* Brief from Petitioners, "Additional Case Brief of Bio-Lab, Inc., Innovative Water Care, LLC, and Occidental Chemical Corporation" (May 3, 2024). Accordingly, Petitioners argued that Commerce should have applied AFA to calculate the net benefits provided by the land-use program. *Id.*

17. On June 4, 2024, Commerce issued its *Final Results*. Commerce acknowledged that the "land use rights purchase contracts for the land in question…are necessary to our determination" and that the "land-use rights contracts {} are required to confirm the price paid for the land parcels." IDM at Comment 1. Commerce did not dispute that neither Heze Huayi nor Kangtai provided these land-use contracts even after several requests from Commerce. *Id.* Rather, Commerce found that neither "company failed to act to the best of its ability" insofar as the payment information they provided (which was not supported by any third-party documentation and were self-generated by the Respondents) tied to their financial statements. *Id.*

## CLAIMS

### Count 1

18. Paragraphs 1 through 17 of this Complaint are incorporated herein by reference.

19. In the *Final Results*, Commerce acknowledged that neither Heze Huayi nor Kangtai provided the original land-use rights purchase contracts at issue in Provision of Land-Use Rights for LTAR program. Commerce further acknowledged that the "land use rights purchase contracts for the land in question…are necessary to our determination" and that the "land-use rights contracts {} are required to confirm the price paid for the land parcels." IDM at Comment 1. Nevertheless, Commerce refused to apply AFA in calculating a net benefit for this program for the Respondents. Insofar as Commerce found that the record contained sufficiently reliable and probative evidence to calculate its net benefit, and insofar as Commerce found that the Respondents cooperated to the best of their ability even after acknowledging their failure to provide the land-use contracts, the agency's *Final Results* are not supported by substantial evidence or otherwise in accordance with law.

## REQUEST FOR JUDGMENT AND RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

20. Hold that Commerce's *Final Results* were not supported by substantial evidence or in accordance with law;

21. Remand this matter to Commerce for disposition consistent with the final opinion and order of the Court; and

22. Grant such further relief as this Court deems just and proper.

Dated:  August 9, 2024                                   Respectfully submitted,

/s/ James R. Cannon, Jr.

James R. Cannon, Jr.
Ulrika K. Swanson
Chase J. Dunn
**CASSIDY LEVY KENT (USA) LLP**

2112 Pennsylvania Ave, NW
Suite 300
Washington, D.C. 20037
Phone: (202) 567-2300
Email: jcannon@cassidylevy.com
*Counsel to Bio-Lab, Inc., Innovative Water
Care, LLC, and Occidental Chemical
Corporation*