

CHAMBERS OF
Jennifer Choe-Groves
Judge

December 8, 2025

**Via CM/ECF**

Re:  Bio-Lab, Inc., et al. v. United States
Court No. 1:24-cv-00118-JCG

Dear Counsel:

Oral argument in this action is scheduled for Tuesday, December 16, 2025, at 10:00 AM via videoconference.  The Court asks Counsel to be prepared to address the following issues.

1. If the U.S. Department of Commerce ("Commerce") determines that "an interested party has failed to cooperate by not acting to the best of its ability to comply with a request for information," then Commerce "may use an inference that is adverse to the interests of that party in selecting from the facts otherwise available."  19 U.S.C § 1677e(b)(1)(A).  Bio-Lab argues that Heze Huayi and Kangtai failed to cooperate because they did not maintain sufficient records in the ordinary course of business.  Commerce determined Heze Huayi and Kangtai cooperated to the best of their ability because they informed Commerce of the missing land-use contracts and provided reconcilable documentation to support the actual price paid for land-use rights.  In addition to the objective showing, Commerce must demonstrate subjectively that Heze Huayi and Kangtai's failure to fully respond is the result of lack of cooperation in either: (a) failing to keep and maintain all required records, or (b) failing to put forth its maximum efforts to investigate and obtain the requested information from its record."  Nippon Steel Corp. v. United States, 337 F.3d 1373, 1382–83 (Fed. Cir. 2003).  Is there any relevant precedent to establish that failure to keep original or copies of contracts is unreasonable or inadequate record keeping?  Is the failure of Heze Huayi and Kangtai to provide the contracts, but instead offering payment records in lieu of the contracts, sufficient to establish their failure to act to the best of their abilities?

2. Bio-Lab argues that record evidence does not adequately support the prices paid alleged by Heze Huayi and Kangtai.  Why is it unreasonable for Commerce to fill informational gaps with facts otherwise available when determining the terms of sale and amounts paid for the land-use

agreements in question?  Please address Commerce's statement that there is no other evidence on the record that contradicts the information provided in the payment records.

3. Commerce reiterated the necessity of the land-use rights contracts when it issued the supplemental questionnaire.  If the land-use rights contracts are necessary, should Commerce have applied an adverse inference for Heze Huayi's and Kangtai's failure to maintain sufficient records in the ordinary course of business?

4. Commerce stated that it intends to confirm the record evidence with the Chinese government and through land-use rights contracts in the next review.  See Final IDM at 15.  Why is Commerce planning to confirm the record evidence of the contracts in the next review, rather than confirming it in the present review?

5. The Court asks the Parties to consider unbracketing certain information to assist with the writing of the opinion in this case.  For example, please see the bracketed terms on pages 17, 18, 19, and 23 of Plaintiffs' Rule 56.2 Motion for Judgment on the Agency Record.

Any Party may address the questions above.  Please contact my Case Manager, Steve Taronji, by telephone at (212) 264-1611 or via e-mail at steve_taronji@cit.uscourts.gov, with any questions or concerns.  Thank you for your assistance and cooperation.

Very truly yours,
  /s/  Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Cc:    Steve Taronji
       For Docketing