**THE UNITED STATES COURT OF INTERNATIONAL TRADE**

Before: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

---

| | |
|---|---|
| BIO-LAB, INC., INNOVATIVE WATER CARE, LLC (F/K/A CLEARON CORP.), AND OCCIDENTAL CHEMICAL CORPORATION, )))) | |
| *Plaintiff,* )) | |
| v. )) | Court No. 24-00118 |
| UNITED STATES, )) | |
| *Defendant.* )) | |
| and )) | |
| JUANCHENG KANGTAI CHEMICAL CO., LTD. AND HEZE HUAYI CHEMCIAL CO., LTD. )) | |
| *Defendant- Intervenor* )) | |

**Order**

Upon consideration of the defendant's consent motion for extension of time, it is hereby

**ORDERED** that defendant's motion is granted; and it is further

**ORDERED** that Commerce shall file its remand redetermination on or before Tuesday, May 5, 2026, and it is further

**ORDERED** that on or before May 11, 2026, the certified list of administrative record documents shall be filed; on or before June 4, 2026, comments in opposition to the remand redetermination shall be filed; on or before July 7, 2026, comments in support of the remand redetermination shall be filed; and the joint appendix shall be filed on or before July 14, 2026.

2

Dated: _____          _____
New York, New York                                                           JUDGE

2

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

Before: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| BIO-LAB, INC., INNOVATIVE WATER CARE, LLC (F/K/A CLEARON CORP.), AND OCCIDENTAL CHEMICAL CORPORATION,  ) ) ) ) | |
| *Plaintiff,*  ) ) | |
| v.  ) ) | Court No. 24-00118 |
| UNITED STATES,  ) ) ) | |
| *Defendant.*  ) ) | |
| and  ) ) | |
| JUANCHENG KANGTAI CHEMICAL CO., LTD. ) AND HEZE HUAYI CHEMCIAL CO., LTD.  ) ) | |
| *Defendant- Intervenor*.  ) ) | |

**Defendant's Consent Motion for An Extension of Time and Revised Schedule on Remand**

Pursuant to Rule 6(b)and 7(b) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court provide a 15-day extension of time, to and including May 5, 2026, for the Department of Commerce (Commerce) to file its remand redetermination. The remand results are currently due to be filed on or before April 20, 2026. Remand Order, ECF No. 55 (Feb. 18, 2026). Additionally, defendant also respectfully requests that the Court amend the current schedule to provide that t on or before May 11, 2026, the certified list of administrative record documents shall be filed; on or before June 4, 2026, comments in opposition to the remand redetermination shall be filed; on or before July 7, 2026, comments in support of the remand redetermination shall be filed; and the joint

appendix shall be filed on or before July 14, 2026..  We have not previously requested an extension of time for this purpose.

On April 15, 2026, Alexandra Salzman, counsel for defendant-intervenors Juancheng Kangtai Chemical Co., Ltd. and Heze Huayi Chemcial Co., Ltd, and, on April 16, 2026, Chase Dunn, counsel for plaintiffs Bio-Lab, Inc. *et al,* consented to this motion.  Thus, all parties have consented to this motion.

When a motion is made prior to a filing deadline, the Court may, for good cause, extend the time within which a party must act.  USCIT Rule 6(b)(1)(A); *see also* USCIT Rule 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  When assessing whether good cause exists to grant a motion to extend a deadline established by a scheduling order, the primary consideration is the moving party's diligence.  *See High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013) (discussing "good cause" in the context of Federal Rule of Civil Procedure 16(b)); *United States v. Horizon Prods. Int'l, Inc.*, 34 F. Supp. 3d 1365, 1367 (Ct. Int'l Trade 2014) (diligence is the "primary consideration" under the general good cause standard applicable to USCIT Rules 6(b) and 16(b)).

Good cause exists for the requested extension. Although Commerce has been working diligently to complete its remand results in a timely manner, it will be unable to meet the current April 20, 2026, deadline.  On April 13,2026 Commerce received rebuttal comments from interested parties on the draft remand results.  Since that time, Commerce has been working diligently to review and to address those comments. The office responsible for the remand redetermination (Office V), however, is currently managing a substantial workload with

2

numerous competing deadlines, including preliminary determinations, final determinations, and other remand proceedings scheduled over the coming months.

Office V is responsible for 58 antidumping and countervailing duty cases and is currently conducting 77 active segments of proceedings. Of these, 11 are investigations, which are particularly resource-intensive because they require Commerce to develop an understanding of the products at issue, establish the scope of the investigations, become familiar with the relevant industries and foreign producers/exporters, and conduct verifications. Office V is presently working on multiple significant proceedings, including, but not limited to (1) final administrative reviews covering paper from Portugal and honey from Brazil, (2) investigations involving fiberglass door panels from China and hardwood and decorative plywood from Vietnam, and (3) circumvention inquiries concerning hangers from Vietnam and China. In addition to this remand proceeding, Office V was handling three separate final remand proceedings with deadlines in March- April. Further, the case analyst assigned to this remand was on a pre-scheduled verification in China during the first two weeks of March, which further constrained the time available to complete the remand results. Additionally, Commerce's attorney responsible for this remand departed Commerce on April 14, 2026, and the newly assigned attorney will need additional time to familiarize himself with the facts and issues in this case.

Good cause supports this request to extend by 15 days the deadline for Commerce to file the remand results so that Commerce will have the time necessary to consider and to address interested parties' comments, and to prepare the final remand redetermination. For these reasons, we respectfully request that the Court grant our request for a 15-day extension of time, to and including May 5, 2026, for Commerce to file the remand redetermination, with a corresponding extension of the other deadlines in the Court's remand order of February 18, 2026. ECF No. 55.

3

## **CONCLUSION**

For these reasons, we respectfully request that the Court grant our request to extend the time for Commerce to file the remand results and to amend the scheduling order to provide corresponding extensions in the other deadlines.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

REGINALD T. BLADES, JR.
Assistant Director

 s/ Tate Walker
TATE WALKER
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 480, Ben Franklin Station

April 16, 2026

4